UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLIFTON CLINTON WILLIAMS, IV,

                Plaintiff,

-against-

CITY OF LOUISVILLE POLICE DEPARTMENT; VICTIMS RIGHTS AND ADVOCACY HUMAN RESOURCES,

                Defendants.

24-CV-3227 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, a resident of Brooklyn, New York, brings this *pro se* action under the court's federal question jurisdiction, alleging that Defendants violated his constitutional rights in Louisville, Kentucky. Named as Defendants are the City of Louisville Police Department, and an entity called "Victims Rights and Advocacy Human Resources," both of which are located in Louisville, Kentucky. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Western District of Kentucky.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

    Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants incarcerated him "under improper procedures," and violated his privacy. (ECF 1 ¶ III.) He does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred in Louisville, Kentucky, which is located in Jefferson County. Because Defendants are employed in Louisville Kentucky, where the alleged events occurred, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).[1]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Louisville Kentucky, Jefferson County, which is in the Western District of Kentucky. *See* 28 U.S.C. § 97(b). Accordingly, venue lies in the Western District of Kentucky, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of Kentucky, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Kentucky. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

---

[1] On the same day that Plaintiff filed this complaint, he filed three others also arising from events occurring in Kentucky. *See Willimas v. Louisville Metro Detention Ctr.* ECF 1:24-CV-3225, 1; *Williams v. Hardin Cnty. Detention Ctr.*, ECF 1:24-CV-3226, 1; *Williams v. City of Louisville*, ECF 1:24-CV-3228, 1.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 1, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge